```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL R. LITTLE              :
                               :
       Plaintiffs              :     No. 1:16-CV-01030
                               :
   vs.                         :     (Judge Kane)
                               :
DAVID J. EBBERT, et al.,       :
                               :
       Defendants              :
```

## MEMORANDUM

## Background

On May 31, 2016, Plaintiffs Michael R. Little, an inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania, filed a complaint against the Federal Bureau of Prisons ("BOP"), the United States, 36 individuals employed by the BOP and ten "John Does." (Doc. No. 1.) The complaint was a handwritten, single-spaced, rambling and disjointed document consisting of twenty-six pages. (Id.) Plaintiff entitled the complaint "First Amendment Complaint for Redress of Grievances." (Id.) Plaintiff appeared to raised multiple claims, including First Amendment retaliation and Eighth Amendment failure to protect claims. He requests $1 million in punitive damages and $50,000 in compensatory damages from each defendant. Plaintiff did not, in accordance with the Prison Litigation Reform Act of 1995 ("PLRA"), pay the filing fee, or a motion to proceed in forma

pauperis and the authorization to have funds deducted from his prison trust fund account to pay the filing fee in installments.[1]

On June 2, 2016, an Administrative Order was issued directing Plaintiff within 30 days to pay the filing fee or file a completed and signed application to proceed in forma pauperis and an authorization form. (Doc. No. 3.) Along with that Administrative Order Plaintiff was sent the proper forms to complete. Plaintiff failed to comply with that Administrative Order. Instead on July 8, 2016, Plaintiff filed a document entitled "Notice of Error" in which he states he "disavows" 28 U.S.C. §1331 and the PLRA filing fee requirements set forth at 28 U.S.C. § 1915, that is, to pay the filing fee up front or in installments. Because it was beyond question that Plaintiff was subject to the filing fee provisions of the PLRA, Plaintiff was directed on July 14, 2016, to comply with the Administrative Order within 20 days or his complaint would be dismissed. See Redmond v. Gill, 352 F.3d 801, 803-804 (3d Cir. 2003).[2]

---

1. The PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposes obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit).

2. See also Bruce v. Samuels, 136 S.Ct. 627, 629-633 (2016); Hairston v. Gronolsky, 347 F. App'x 737, 738-739 (3d Cir. Oct. 6, 2009); Drayer v. Attorney General of State of Delaware, 81 F. App'x 429, 430-431 (3d Cir. 2003); Mitchell v. Farcass, 112 F.3d 1483, 1487-1489 (11th Cir. 1997)(PLRA filing fee requirement does not violate the equal protection clause); Murray v. Dosal, 150 F.3d 814, 818 (5th Cir. 1998)("The [PLRA's] fee requirements provide economic incentives that require prisoners to 'stop and
(continued...)

On August 12, 2016, when Plaintiff again failed to comply his complaint was dismissed without prejudice and the Clerk directed to close the case.

On August 26, 2016, Plaintiff filed a motion for reconsideration and a brief in support. For the reason set forth below, Plaintiff's motion for reconsideration will be denied.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros,

---

2. (...continued)
think' before filing suit."). The Eleventh Circuit indicated that deterring frivolous lawsuits was a legitimate concern of Congress and the filing fee requirement was rationally related to that concern because inmates often have free time on their hands that other litigants do not possess. Mitchell v. Farcass, 112 F.3d at 1489.

176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension."  See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Casualty Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

   Plaintiff attached to his brief what purports to be the proper IFP and authorization forms. However, a review of the forms submitted reveals they are not the forms used by this district. Plaintiff clearly failed to comply with the Administrative Order in a timely manner and he did not use the forms which were sent to him.  Plaintiff's complaint was dismissed without prejudice and he

has the option of filing a new complaint accompanied by the proper forms.

      Plaintiff's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed.  Thus, the Court finds that its order August 12, 2016, is not defective because of manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected the court's decision. Consequently, the motion for reconsideration will be denied.

      An appropriate order will be entered.